IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SIEMENS PRODUCT LIFECYCLE
MANAGEMENT SOFTWARE INC.,

    Plaintiff,

v.

NUMERIC CONCEPT & DESIGN
L.L.C.,

    Defendant.

Hon.
Case No.

---

## PLAINTIFF'S ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT AND CIRCUMVENTION OF A COPYRIGHT PROTECTION SYSTEM AND DEMAND FOR JURY TRIAL

Plaintiff Siemens Product Lifecycle Management Software Inc., by its attorneys, for and on behalf of its complaint against Defendant Numeric Concept & Design L.L.C. hereby alleges as follows:

## PARTIES

1. Plaintiff Siemens Product Lifecycle Management Software Inc. ("Siemens PLM" or "Plaintiff") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas.

2. Defendant Numeric Concept & Design L.L.C. ("Numeric") is a limited liability company organized and existing under the laws of the State of

Michigan, with its principal place of business located at 47943 Michigan Ave, Canton, MI 48188.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for copyright infringement (17 U.S.C. § 1201) and for circumvention of copyright protection systems (17 U.S.C. § 1203(a)) under the laws of the United States.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5. Venue and personal jurisdiction in this District are proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Numeric's regular and established place of business is at 47943 Michigan Ave, Canton, MI 48188.

## FIRST CAUSE OF ACTION
### (Infringement of Copyrights Against Numeric)

6. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

7. Siemens PLM manufactures and distributes Product Lifecycle Management ("PLM") software, which allows companies to manage the entire lifecycle of a product efficiently and cost-effectively, from ideation, design and manufacture, through service and disposal.

8. PLM software brings together computer-aided design ("CAD"), computer-aided manufacturing ("CAM"), computer-aided engineering ("CAE"),

2

product data management ("PDM"), and digital manufacturing. By providing the application depth and breadth needed to digitally author, validate, and manage the detailed product and process data, PLM supports innovation by its customers.

9. NX 10 and NX 12 software are among the PLM software products offered by Siemens PLM. The NX software offers the industry's broadest suite of integrated, fully associative CAD/CAM/CAE applications. They touch the full range of development processes in product design, manufacturing, and simulation, allowing companies to encourage the use of best practices by capturing and reusing product and process knowledge.

10. Siemens PLM software (the "Copyrighted Software"), including NX 10 and NX 12 software, constitutes and contains Siemens PLM's valuable intellectual property that has been developed over many years through the investment of substantial resources.

11. To protect its rights and interests in its valuable software, including but not limited to NX software, Siemens PLM obtains and registers copyrights to its works.

12. Siemens PLM is, and at all relevant times has been, the copyright owner under United States copyright law with respect to certain copyrighted software including, but not limited to, the NX software.

13. The NX software is the subject of valid Copyright Registrations issued by the Register of Copyrights to Plaintiff. A copy of the Certificate for Registration for Copyright Registration Number TXu 1-965-012, dated December 9, 2014, which covers the NX 10 software is attached hereto as Exhibit 1.

14. Siemens PLM submitted its application for a copyright on NX 12 on November 7, 2017; that application is pending.

15. Plaintiff placed notices of copyright pursuant to the notice provisions expressed in 17 U.S.C. § 401 on NX 10 and NX 12.

16. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to use and reproduce NX 10 and NX 12 and to distribute them to the public.

17. Numeric, without permission or consent of Siemens PLM, used unlicensed versions of the NX software.

18. Siemens PLM is informed and believes that on or around February 2016, Defendant Numeric unlawfully obtained and began using an unlicensed version of Siemens PLM's NX 10 software at Numeric's facility in Canton, Michigan.

19. On at least twenty six occasions between February 13, 2016 and December 3, 2017, Numeric used that unlicensed version of NX 10 without permission or consent.

20. Siemens PLM is informed and believes that on or around December 3, 2017, Defendant Numeric unlawfully obtained and began using an unlicensed version of Siemens PLM's NX 12 software at Numeric's facility in Canton, Michigan.

21. Numeric's unlicensed and unlawful use of the NX software in the face of repeated notice constitutes, among other prohibited acts, willful copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 501, *et. seq.*

22. Siemens PLM is informed and believes that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Siemens PLM.

23. Numeric has not only refused to purchase valid licenses of NX 10 and NX 12 but also continued its unlicensed use after being given written notice of the need for Numeric to obtain a valid license to the software.

24. Numeric's unlicensed and unlawful use of the NX software in the face of repeated notice constitutes, among other prohibited acts, willful copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et. seq.*

25. As a result of Defendant Numeric's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §§ 502 and 503.

26. As a result of Defendant Numeric's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to actual damages according to proof.

27. As a result of Defendant Numeric's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to an accounting of Numeric's use and/or downloading of NX 10 and NX 12 and an accounting and recovery of revenues and profits obtained by Numeric through such use and/or downloading of such software.

28. As a result of Defendant Numeric's infringement of Plaintiff's copyrights and exclusive rights under copyright, including willful and intentional infringement, Plaintiff is also entitled to enhanced damages and recovery of its attorneys' fees and costs.

## SECOND CAUSE OF ACTION
**(Circumvention of Copyright Protection System Against Numeric)**

29. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

30. Plaintiff is informed and believes that Defendant Numeric, in order to use the NX 10 and NX 12 without purchasing valid licenses, acquired "cracked" versions of NX 10 and NX 12 that allow Numeric to access software modules

covered by multiple copyrights through circumvention of Plaintiff's copyright protection measures.[1]

31. "Cracked" versions of NX 10 and NX 12 use methods to circumvent a technological measure implemented to control access to the software in a manner prohibited under 17 U.S.C. § 1201.

32. Plaintiff incorporates technological measures to protect against unlicensed work or use.

33. Plaintiff is informed and believes that Numeric's "cracked" versions of the NX 10 and NX 12 originated from a well-known piracy group known as "SolidSquad."

34. Upon information and belief, "SolidSquad" employs measures to descramble scrambled works, decrypts encrypted works, and avoids, bypasses, deactivates, and impairs technological protections without the authority of rights holders.

35. As a result of Defendant Numeric's circumvention of Siemens PLM's copyright protection system, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 1203(c).

---

[1] "Cracking" is the modification of software to remove or disable features or components of the software. In this case, the modified portion of the Copyrighted Software was designed to protect against unlicensed use.

36. As a result of Defendant Numeric's circumvention of Siemens PLM's copyright protection system, Plaintiff is entitled to actual damages according to proof.

37. As a result of Defendant Numeric's circumvention of Siemens PLM's copyright protection system, Plaintiff is entitled to an accounting and recovery of profits obtained by Numeric's circumvention of Siemens PLM's copyright protection system between February 13, 2016 and the date of this filing.

38. As a result of Defendant Numeric's circumvention of Siemens PLM's copyright protection system, Plaintiff is also entitled to recovery of its attorneys' fees and costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment against Defendant Numeric as follows:

1. For statutory damages for each infringement of each Copyrighted Software pursuant to 17 U.S.C. § 504;

2. For statutory damages for each circumvention of Plaintiff's copyright protection system pursuant to 17 U.S.C. § 1203(c);

3. For actual damages according to proof;

4. For an accounting of the use and/or download by Defendant of the Copyrighted Software;

8

5. For an accounting of any revenues and profits realized by or through Defendant's use and/or download of the Copyrighted Software;

6. For pre- and post-judgment interest in the full amount allowable by law;

7. For enhanced damages;

8. For Plaintiff's costs in this action;

9. For Plaintiff's reasonable attorneys' fees incurred herein; and

10. For such other and further relief as the Court may deem just and proper.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and counts triable by jury.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

By: /s/ Paul M. Mersino
  Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
313-225-7015
313-225-7080 (fax)
mersino@butzel.com
Counsel for Plaintiff

and

        **REED SMITH LLP**
        Robert R. Riddle   (Texas Bar No. 24035495)
        Andrew Bluebond (Texas Bar No. 24092147)
        811 Main Street, Suite 1700
        Houston, TX 77002-6110
        RRiddle@reedsmith.com
        ABluebond@reedsmith.com
        713-469-3846
        713-469-3899 (fax)
        *Admissions for Pro Hac Vice Forthcoming*

        *Counsel for Plaintiff*

Dated:  May 14, 2018

10