**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SIEMENS PRODUCT LIFECYCLE
MANAGEMENT SOFTWARE INC.,

    Plaintiffs,

vs.

NUMERIC CONCEPT & DESIGN
L.L.C.,

    Defendant.

Civil Action No. 18-CV-11524
HON. MARK A. GOLDSMITH

**ANSWER TO PLAINTIFF'S ORIGINAL
COMPLAINT FOR COPYRIGHT INFRINGEMENT
AND CIRCUMVENTION OF A COPYRIGHT PROTECTION SYSTEM
AND DEMAND FOR JURY TRIAL, DEFENDANT'S AFFIRMATIVE
DEFENSES, AND DEFENDANT'S DEMAND FOR JURY TRIAL**

    **NOW COMES**, Defendant, Numeric Concept & Design L.L.C., by and through its attorney, Elizabeth V. Janovic, states as follows:

**ANSWER TO COMPLAINT**

**Parties[1]**

    1.    Defendant has no personal knowledge of these facts and can neither admit nor deny the allegations made in paragraph 1.

    2.    Defendant admits the allegations in paragraph 2.

---

[1] The headings of the Amended Complaint are used in this Answer solely for the convenience of the Court. Defendant does not admit any of Plaintiff's allegations by such use.

## Jurisdiction and Venue

3. Defendant denies that Plaintiff has any cause(s) of action against Defendant under 17 U.S.C. § 1201, 17 U.S.C. § 1203(a), or any other legislation or at common law.

4. Defendant denies that Plaintiff has any cause of action against it; however, he admits that this court has subject matter jurisdiction over matters involving federal questions and copyrights.

5. Defendant denies that Plaintiff has any cause of action against it; however, Defendant admits that venue and personal jurisdiction in this court are proper.

## First Cause of Action
### (*Alleged*: Infringement of Copyrights Against Numeric)

6. Defendant's denials and statements in response to paragraphs 1-5 are hereby incorporated as though fully set forth herein.

7. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

8. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

9. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

10. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

11. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

12. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

13. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

14. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

15. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

16. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

17. Denied in its entirety.

18. Denied in its entirety.

19. Denied in its entirety.

20. Denied in its entirety.

21. Denied in its entirety.

22. Denied in its entirety.

23. Denied in its entirety.

24. Denied in its entirety.

25. Denied in its entirety.

26. Denied in its entirety.

27. Denied in its entirety.

28. Denied in its entirety.

## Second Cause of Action
**(*Alleged*: Circumvention of Copyright Protection System Against Numeric)**

29. Defendant's denials and statements in response to paragraphs 6-28 are hereby incorporated as though fully set forth herein.

30. Denied in its entirety.

31. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

32. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

33. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

34. Defendant neither admits nor denies the allegations made in this paragraph because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

35. Denied in its entirety.

36. Denied in its entirety.

37. Denied in its entirety.

38. Denied in its entirety.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim for Relief

33. Plaintiff has failed to state a claim upon which relief may be granted, and therefore Defendant requests dismissal of Plaintiff's Amended Complaint.

34. Plaintiff is wrongfully suing Defendant because Plaintiff is unable to demonstrate that Defendant committed a volitional act of infringement.

### SECOND AFFIRMATIVE DEFENSE
### Statute of Limitations

35. Plaintiff's claims are or may be barred by the applicable statute of limitations, because Plaintiff failed to file a timely claim against Defendant.

### THIRD AFFIRMATIVE DEFENSE
### Fair Use

36. Plaintiff's claims are barred by the doctrine of fair use, because Defendant did not use any of Plaintiff's works for any purpose, and thereby has made no impact upon the potential market for or value of Plaintiff's works.

### FOURTH AFFIRMATIVE DEFENSE
### Equitable Estoppel

37. Plaintiff's claims are barred by equitable estoppel due to Plaintiff's inaction and because Defendant did not use any of Plaintiff's works for any purpose.

### FIFTH AFFIRMATIVE DEFENSE
### Unclean Hands

38. Plaintiff's claims are barred by the doctrine of unclean hands, because Plaintiff is not free of unethical conduct relative to the controversy and has improperly used the Federal Court system to file a case based on untrue statements and with no valid claims.

### SIXTH AFFIRMATIVE DEFENSE
### Non-Infringement

39. Plaintiff's claims are barred because no infringement by Defendant occurred in this case.

### FOURTEENTH AFFIRMATIVE DEFENSE
### Misuse of Copyright

40. Plaintiff's claims are barred by the doctrine of misuse of copyright, because Plaintiff continues to mislead this Court and many others across the United States by filing mass copyright infringement cases based on inaccurate information and with no valid claims.

### RESERVE RIGHT TO AMEND

41. Pursuant to FRCP Rule 11, as amended, all possible defenses and affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore Defendant reserves the right to amend its answer to allege additional

affirmative defenses, if subsequent investigation reveals the possibility for additional defenses.

## DEFENDANT'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury on all issues so triable.

## RELIEF REQUESTED

**WHEREFORE**, Defendant respectfully requests that the Court:

(A) Find that Plaintiff's Original Complaint for Copyright Infringement and Circumvention of a Copyright Protection System and Demand for Jury Trial is entirely without merit;

(B) Immediately dismiss Plaintiff's Original Complaint for Copyright Infringement and Circumvention of a Copyright Protection System and Demand for Jury Trial, with prejudice;

(C) Award Defendant his reasonable attorneys' fees and costs of in this action; and

(D) Grant Defendant such other and further relief as the Court may deem equitable and just.

August 31, 2018                    Respectfully submitted,

WILSON P. TANNER III, PLC

BY:  /s/Elizabeth V. Janovic
     Elizabeth V. Janovic (P71456)

>Wilson P. Tanner III, PLC
>Attorneys for Defendant
>120 N. Fourth Avenue
>Ann Arbor, MI 48104
>734-997-0000
>734-997-0003 (fax)
>evjanovic@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2018, I electronically filed the foregoing ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT AND CIRCUMVENTION OF A COPYRIGHT PROTECTION SYSTEM AND DEMAND FOR JURY TRIAL, DEFENDANT'S AFFIRMATIVE DEFENSES, AND DEFENDANT'S DEMAND FOR JURY TRIAL with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

August 31, 2018

Respectfully submitted,

WILSON P. TANNER III, PLC

BY: /s/Elizabeth V. Janovic
Elizabeth V. Janovic (P71456)
Wilson P. Tanner III, PLC
Attorneys for Defendant
120 N. Fourth Avenue
Ann Arbor, MI 48104
734-997-0000
734-997-0003 (fax)
evjanovic@gmail.com